United States District Court
Southern District of Texas
**ENTERED**
October 12, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Charles R Barnett | § § § § | |
| *versus* | § § § § § | Civil Action 4:18−cv−03763 |
| USAA General Indemnity Company | § § | |

**INITIAL DISCOVERY PROTOCOLS**
**FOR MANDATORY INITIAL DISCOVERY**
**PILOT PROJECT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Charles R Barnett | § § § § | |
| *versus* | § | Civil Action 4:18–cv–03763 |
| | § § § § § | |
| USAA General Indemnity Company | | |

## NOTICE TO THE PARTIES – THE MANDATORY
## INITIAL DISCOVERY PILOT PROJECT

Effective July 1, 2018, this Court began participating in a Mandatory Initial Discovery Pilot Project approved by the Judicial Conference of the United States. This case is subject to the Pilot Project. The details of the Mandatory Initial Discovery Pilot are set forth in attached Order. It is the parties' responsibility to read the Order carefully to ensure familiarity and compliance with the requirements.

A Checklist summarizing the key features and deadlines is attached to this Notice for the parties' convenience. Please pay particular attention to the deadline for filing the initial and supplemental responses. Any party seeking affirmative relief must serve a copy of this Notice, including the Order and the Checklist, on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served.

During the parties' Fed. R. Civ. P. 26(f) Conference, the parties must discuss the Mandatory Initial Discovery Pilot responses and seek to resolve any limitations or objections they have made or intend to make in their responses. A description of the discussion on the Mandatory Initial Discovery Pilot responses must be included in the Rule 26(f) report to the Court.

Mandatory Initial Discovery Pilot responses are not required to be filed if the parties submit (and the Court approves) a written stipulation by all parties that no discovery will be conducted in the case. Similarly, a party may defer the submission of the Mandatory Initial Discovery Pilot responses for one 30-day period if all parties file a notice with the Court certifying that they are attempting to settle the case and have a good faith belief that it will be resolved within 30 days of the due date of the Mandatory Initial Discovery Pilot responses. The deadline for final supplementation of the Mandatory Initial Discovery Pilot responses normally will be stated in the Court's Case-Management Order. If no deadline is stated, final supplementation must occur by the fact discovery deadline set in the Case-Management Order.

Parties must file a notice with the Court when they file the Mandatory Initial Discovery Pilot responses and supplements, but there is no requirement to file the documents themselves, unless there is an unresolved dispute over the responses and supplements that the Court must resolve during the Rule 16(b)(1) conference.

After the Mandatory Initial Discovery Pilot responses have been served, discovery under Fed. R. Civ. P. 30-36 and 45 may begin.

SIGNED on October 12, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

# MANDATORY INITIAL DISCOVERY PILOT PROJECT

# CHECKLIST

☐ **Rule 26(f) Party Conference:**

- o The parties must discuss the Mandatory Initial Discovery responses, which should have been made by the time of the Conference, and seek to resolve any disagreements on the scope of their responses.

- o The parties should include a description of their discussions, including unresolved disagreements or other discovery issues, in their Rule 26(f) report to the Court.

☐ **Rule 16 Conference and Case-Management Order:**

- o The Rule 16 Conference should be held within the time specified in Rule 16(b)(2) (as soon as possible but not later than the *earlier* of 90 days after any party has been *served* or 60 days after *appearance* by any party).

- o The Case-Management Order should set the deadline for final supplementation of responses. If the Order does not set a deadline, final supplementation must occur by the fact discovery deadline set by the Court in its case management order.

- o The parties and Court will discuss the responses and other discovery at the Rule 16 case-management conference.

☐ **Responsive Pleadings [answer/counterclaim/crossclaim/reply]:**

- o Must be filed within the time set in Rule 12(a)(1)(A), (B), and (C).

    *Exception: The Court may defer the responsive-pleading deadline for good cause if a party files a motion to dismiss based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute immunity or qualified immunity of a public official.*

☐ **Initial Discovery Responses:**

- o *Party seeking affirmative relief:* must serve its initial discovery responses and file a notice of service with the Court within 30 days after the first responsive pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint.

    - Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses and Supplements* event under the "Notices" category.

- *Party filing a responsive pleading:* must serve its initial discovery responses and file a notice of service with the Court within 30 days after it files its responsive pleading.

    - Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses and Supplements* event under the "Notices" category.

        *Exceptions: No discovery responses required if the Court approves a written stipulation by the parties that no discovery will be conducted in the case.*

        *Deadline for serving initial discovery responses may be deferred once for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses.*

        *If the Court deferred the responsive pleading deadline based on the filing of one of the qualifying motions to dismiss, initial discovery responses are due 30 days after the responsive pleading deadline set by the Court upon entry of its order deciding the motion or 30 days after the date set by Rule 12(a)(4) if the Court does not set a pleading deadline.*

- Initial responses and later supplements will not be filed with the Court on the date they are served, but a notice of service must be filed with the Court.

    - Parties must file the notice of service for initial and supplemental responses in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses and Supplements* event under the "Notices" category.

        *Exceptions: Parties must file initial responses and later supplements with their 26(f) report or discovery dispute filings if there is an unresolved dispute regarding the responses or supplements that the Court must resolve.*

- Responses must be signed by the party, under oath, and by counsel under Rule 26(g).

- Limitations to scope of initial response asserted by the parties:

    - If based on a claim of privilege or work product, the party must produce a privilege log under Rule 26(b)(5).

        *Exceptions: No privilege log required if the parties agree or the Court orders otherwise.*

    - If based on any other objection, the party's response must explain with particularity the nature of the objection and provide a fair description of the information withheld.

☐ **Electronically Stored Information (ESI):**

- o  If the existence of ESI is disclosed or discovered, the parties must confer and address the issues listed in ¶ (C)(2)(a)(i)-(iii) of the General Order.

- o  The party must produce its ESI within <u>40 days</u> after serving its initial response (unless modified by the court).

    - ESI must be produced in the form requested by the receiving party, or if no form is specified, in any reasonable form that will enable the receiving party to access, search, and display the ESI.

☐ **Supplemental Responses:**

- o  Must be served in a timely manner, and no later than <u>30 days</u> after the information is discovered or revealed. If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response. A notice of service must be filed when a supplemental response is served.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Charles R Barnett | § § § § | |
| *versus* | § § § § § § | Civil Action 4:18–cv–03763 |
| USAA General Indemnity Company | | |

# MANDATORY INITIAL DISCOVERY PILOT PROJECT ORDER

Effective July 1, 2018, Judge Rosenthal is participating in a Mandatory Initial Discovery Pilot Project approved by the Judicial Conference of the United States.

The Mandatory Initial Discovery Pilot Project applies to all civil cases filed on or after July 1, 2018. Unlike the initial disclosures required by current Rule 26(a)(1)(A) and (C), this Order Implementing the Pilot Project does not allow the parties to opt out or to limit disclosures to favorable information.

This Order does not apply to the cases listed in Rule 26(a)(1)(B), to actions under the Private Securities Litigation Reform Act ("PSLRA"), to cases transferred for consolidated administration in the Southern District by the Judicial Panel on Multidistrict Litigation, or to cases under the 1980 Hague Convention on the Civil Aspects of International Child Abduction. This Order also does not apply to cases pleaded solely as adverse-action employment cases, to which the Employment Protocol Disclosure Order applies, or FLSA cases not pleaded as collective actions, to which the FLSA Protocol Disclosure Order applies.

The discovery obligations addressed in this Order otherwise supersede the disclosures required by Rule 26(a)(1). The discovery obligations operate as court-ordered mandatory initial discovery required under the court's inherent authority to manage cases on its docket. *See* Rule 16(b)(3)(B)(ii), (iii), and (vi), and Rule 26(b)(2)(C).

### I.   Instructions to Parties

####    A.   General

1. Any party seeking affirmative relief must serve a copy of the "Notice to the Parties" of the Mandatory Initial Discovery Pilot Project, including this Order and the Pilot Project Checklist, on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served.

2. All parties are ordered to provide their mandatory initial discovery responses before beginning any further discovery in this case. The responses are called for by the Court, not by discovery requests served by an opposing party. Part B of this Order sets forth the categories of information that must be provided in each party's mandatory initial discovery responses. After the mandatory initial discovery responses have been provided, additional discovery may proceed under the Federal Rules of Civil Procedure and the case-management order entered by the Court.

3. Each party's response to the Mandatory Initial Discovery must be based on the information then reasonably available to it. A party is not excused from providing its response because it has not fully investigated the case, because it challenges the sufficiency of another party's response, or because another party has not yet responded. Each party must sign its responses under oath, certifying that the response is complete and correct when made, based on the party's knowledge, information, and belief formed after a reasonable inquiry. The attorney must sign under Rule 26(g).

4. The parties must provide the required information as to the facts relevant to the claims and defenses in the case, whether favorable or unfavorable, and whether or not the party intends to use the information in presenting the claims or defenses. The parties also must identify the relevant legal theories in response to paragraph B.4 below. If a party limits the scope of its response on the basis of privilege or work product, that party must produce a privilege log under Rule 26(b)(5), unless the parties agree or the Court orders otherwise. If a party limits its response on the basis of any other objection, including an objection that providing the required information would involve disproportionate expense or burden, it must explain with particularity the legal and factual basis of the objection and give a fair description of the information withheld.

**B.  Timing**

1. If a party shows that it cannot reasonably comply within the set time, the Court may, with or without awaiting a response from the opposing party, grant a one-time extension of up to 30 days.

2. A party seeking affirmative relief must serve its responses to the Mandatory Initial Discovery no later than 30 days after the first pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint.

3. A party filing a responsive pleading, whether or not it also seeks affirmative relief, must serve its Mandatory Initial Discovery Responses no later than 30 days after it files its responsive pleading.

4.  In cases removed from state court, the responses must be filed within 30 days of removal, if a responsive pleading was filed in state court before removal, and within 30 days of the response date set in Rule 81(c)(2) if a responsive pleading was not filed in state court before removal.

5.  In all cases: (a) no Mandatory Initial Discovery Responses need be served if the Court approves the parties' written stipulation that no discovery will be conducted in the case; or (b) the Mandatory Initial Discovery Responses may be deferred for one 30-day period if the parties jointly certify to the Court that they are seeking to settle and have a good-faith belief that they can do so within 30 days of the due date for their responses, and the Court approves the deferral.

### C.   Responses Are Not To Be Filed with the Court

Unless the Court orders otherwise, initial responses and later supplements are not to be filed with the Court. Instead, the parties must file a notice of service of their initial responses and later supplements.

### D.   Duty to Supplement

The duty to provide the mandatory initial discovery responses set forth in this Order is a continuing duty. Each party must serve supplemental responses when new or additional information is discovered or revealed. A party must timely serve supplemental responses, but in any event no later than 30 days after the information is discovered by or revealed to the party. The Court normally will set a deadline in its Rule 16(b) case-management order for final supplementation of responses, and full and complete supplementation must occur by that deadline. If the Court does not set a deadline, final supplementation must occur by the fact-discovery or all-discovery deadline the Court sets in the case-management order. If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties that the information exists and provides that information, that information need not also be separately presented in a supplemental response.

### E.   Parties to Discuss at their Rule 26(f) Conference

During their Rule 26(f) Conference, the parties should discuss the mandatory initial discovery requirements and try to resolve any limits they have invoked or intend to invoke. The parties and Court will discuss the responses at the Rule 16 case-management conference.

Parties should include in their Rule 26(f) report to the Court a concise description of their discussions of the mandatory initial discovery requirements. The report should also include a concise description of any limits invoked by any party in its response and any disagreements requiring resolution by the Court. The parties must attach the initial and supplemental responses and any other discovery requests, objections, or responses involved in any existing disagreements.

### F.     Not an Admission

Production of information under this Order is not an admission that the information is relevant, authentic, or admissible.

### G.     Rule 37

Rule 37(b)(2) applies to mandatory discovery responses required by this order.

## II.    The Mandatory Initial Discovery Requirements

The parties must respond to the following Court-issued discovery requirements without waiting for formal discovery requests from the other parties, and at the times set out above.

1.     State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.

2.     State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work-product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control. If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

3.      List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses. To the extent the volume of these materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity. Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on the date of the response, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 below.

4. For each of your claims or defenses, state the facts relevant to it and the legal theories on which it is based.

5. Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.

6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.

7. A party receiving the list described in Paragraph 3, the description of materials identified in Paragraph 5, or a description of agreements referred to in Paragraph 6 may request more detailed or thorough responses to these mandatory discovery requests if it believes the responses are deficient. A party may also serve requests pursuant to Rule 34 to inspect, copy, test, or sample any or all of the listed or described items, to the extent not already produced in response to these mandatory discovery requests, or to enter onto designated land or other property identified or described.

### III. Disclosure of Hard-Copy Documents and ESI

#### A. Hard-Copy Documents

Hard-copy documents must be produced as they are kept in the usual course of business.

#### B. Electronically Stored Information (ESI)

1. **Duty to Confer.** When the existence of ESI is disclosed or discovered, the parties must promptly confer and attempt to agree on matters relating to its disclosure and production, including:

   i. the requirements and limits on the preservation, disclosure, and production of ESI;
   ii. appropriate ESI searches, including custodians and search terms, or other use of technology assisted review; and
   iii. the form in which the ESI will be produced.

2.     **Resolution of Disputes.** If the parties are unable to resolve any dispute on ESI and seek resolution from the Court, they must present the dispute in a single joint motion or, if the Court directs, in a conference call or in person hearing with the Court. Any joint motion must include the parties' positions and the separate certification of counsel required under Rule 26(g).

3.     **Production of ESI.** Unless the Court orders otherwise, a party must produce the ESI identified under paragraph B.3 within 40 days after serving its initial response. Absent good cause, no party need produce ESI in more than one form.

4.     **Presumptive Form of Production.** Unless the parties agree or the Court orders otherwise, a party must produce ESI in the form requested by the receiving party. If the receiving party does not specify a form, the producing party may produce the ESI in any reasonably usable form that will enable the receiving party to have the same ability to access, search, and display the ESI as the producing party.

SIGNED on _____ , _____, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Charles R Barnett | § § § § | |
| *versus* | § | Civil Action 4:18–cv–03763 |
| | § § § | |
| USAA General Indemnity Company | § § | |

**ORDER EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND
AND TO SERVE THE MANDATORY INITIAL DISCOVERY RESPONSES**

This case is part of the Mandatory Initial Discovery Pilot project ("MIDP") being conducted in the civil cases filed in Chief Judge Rosenthal's court. Under the MIDP, parties must respond to mandatory initial discovery subjects early in the litigation and before traditional discovery begins under the Federal Rules of Civil Procedure. The parties are to address their compliance with the MIDP in their Rule 26(f) report and at the Rule 16 case-management conference. Order ¶ 5.

The Order provides that "[a] party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint." Id., ¶ 2(b). It further provides that "[a] party filing a responsive pleading, whether or not it also seeks affirmative relief, must serve its initial discovery responses no later than 30 days after it files its responsive pleading." Id., ¶ 2(c).

The pleading referred to in these provisions is an answer. Pleadings can also include counterclaims, crossclaims, and third-party claims, but each of these typically is accompanied by an answer. The pleading that triggers discovery obligations under the MIDP is the answer.

The parties in this case have requested an extension of the Defendant's time to file an answer. The filing of a motion to dismiss under Rule 12(b)(6) does not excuse the obligation to file an answer and the corresponding obligation to provide mandatory initial discovery. Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even if they have filed or intend to file a motion to dismiss or other preliminary motion. Answers may be deferred only for good cause based on motions to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity of a public official. Motions to dismiss do not otherwise delay answers or the obligation to respond to mandatory initial discovery.

  The Court concludes that the parties have shown good cause and will grant a one-time extension of 30 days for Defendant to file an answer. Because the effectiveness of the disclosures depends on early compliance, the Court will not grant additional extensions. The parties' obligations to produce the information within 30 days of the filing of an answer, as set out in the Order, is triggered by the Defendant's filing of an answer after this extension.

  The Defendant's time to file an answer in response to the complaint is extended by 30 days. No further extensions will be granted.

  SIGNED on _____ , _____, at Houston, Texas.

                _____
                    Lee H. Rosenthal
                Chief United States District Judge